FILED

RECEIVED
2003 DEC 18

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ANTOINETTE ANDERSON, CLIFTON M. ARCHIE, ) <br> WILLIE AVERY, MARY BAKER, ) <br> ALINE BALDWIN, ANGELA BROADNAX, ) <br> ALMA CALHOUN, ZOLA COATES, ) <br> GLORIA COWAN, ROBERT CRAWFORD, ) <br> RUBYE DAVIS, BLANCHA DOUGLAS, ) <br> LURLEAN DOWNING, EMMA GOSHAY, ) <br> MATTIE HARRIS, APPLNELLA HATCHER, ) <br> JOHNNY HOLMES, ROSA HOLMES, ) <br> JOHN HOOKS, DOROTHY HOYLE, ) <br> EUGENE JACKSON, CALVIN JOHNSON, ) <br> FREDDIE JONES, GARY LEWIS, ) <br> MAMIE MADDOX, ANNIE MARTIN, ) <br> ANNIE McCRAY, ROSA MILLER, ) <br> BEVERLY O'NEAL, OTIS O'NEAL, ) <br> RAY O'NEAL, ARTEMESE OWENS, ) <br> MARY PATRICK, WILHIMINA REYNOLDS, ) <br> CORPAGE ROBINSON, EVELINA RODGERS, ) <br> LATREASHA ROGERS, MARTHA ROGERS, ) <br> ESTELLA ROSS, MARY THOMAS, ) <br> WILLIE THOMAS, EDDIE TURNER, ) <br> GWENDOLYN TURNER, CALLIE WALKER, ) <br> CHRISTINE WILLIAMS, LISA WILSON, ) <br> THEODORA YOUNG, TYRONE YOUNG and ) <br> JOANN YOUNGBLOOD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> BULLOCK COUNTY BOARD OF ) <br> EDUCATION, AND KEITH ALLEN STEWART, ) <br> Individually and in his official capacity as ) <br> Superintendent of Bullock County Schools, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 03-D-1237-N |

# COMPLAINT

## I. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to: Title 29 U.S.C. § 216(b) and Title 28 U.S.C. §§ 1331, 1337; and Title 28 U.S.C. §§ 2201 and 2202, Title 28 U.S.C. § 1391(b). This action arises under 29 U.S.C. § 201, et seq. known as the Fair Labor Standards Act ("FLSA") of 1938, and the amendments thereto, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Jurisdiction is also invoked pursuant to the provisions of 42 U.S.C. § 1983, this being an action to redress the deprivation of rights secured under said constitutional and statutory provisions.

## II. NATURE OF THE ACTION

2. This action seeks a declaratory judgment, overtime pay, liquidated damages, attorney's fees, and other relief pursuant to Defendants' willful violations of the FLSA including unlawfully and intentionally, failing and refusing to pay Plaintiffs all compensation owed to them under the FLSA and its implementing regulations, failing to pay Plaintiffs for all hours worked and unlawfully exempting Plaintiffs from overtime pay under the FLSA.

3. All acts herein complained of were done under the color of state law.

## III. THE PARTIES

4. Plaintiffs Antoinette Anderson, Clifton M. Archie, Willie Avery, Mary Baker, Aline Baldwin, Angela Broadnax, Alma Calhoun, Zola Coates, Gloria Cowan, Robert Crawford, Rubye Davis, Blancha Douglas, Lurlean Downing, Emma Goshay, Mattie Harris, Applnella Hatcher, Johnny Holmes, Rosa Holmes, John Hooks, Dorothy Hoyle, Eugene Jackson, Calvin Johnson, Freddie Jones, Gary Lewis, Mamie Maddox, Annie Martin, Annie McCray, Rosa

Miller, Beverly O'Neal, Otis O'Neal, Ray O'Neal, Artemese Owens, Mary Patrick, Wilhimina Reynolds, Corpage Robinson, Evelina Rodgers, Latreasha Rogers, Martha Rogers, Estella Ross, Mary Thomas, Willie Thomas, Eddie Turner, Gwendolyn Turner, Callie Walker, Christine Williams, Lisa Wilson, Theodora Young, Tyrone Young and Joann Youngblood, are Defendants' employees within the meaning of 29 U.S.C. § 203(e)(2)(C) of the FLSA.

5. Defendant Bullock County Board of Education is a separate municipal school system organized and existing under the laws of the State of Alabama, operating in the city of Union Springs, in Bullock County, and are Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d) of the FLSA.

6. Defendant Keith Allen Stewart is sued individually and in his official capacity as Superintendent of Bullock County Schools. His place of business is in Bullock County, Alabama.

### IV.   ALLEGATIONS OF FACT

7. The FLSA is a federal labor law of general and nationwide application, including Overtime, Minimum Wages, Child Labor Protections, and the Equal Pay Act. The FLSA requires overtime compensation (at time and one-half) for all "hours worked" over a prescribed "threshold" (typically 40 hours per week), for "nonexempt" employees.

8. At all relevant times, Defendants were engaged in operations through its Superintendent, Keith Allen Stewart, and the members of the Bullock County Board of Education.

9. Plaintiffs are employed as cafeteria workers, bus drivers, teacher's aides, and custodians, which are non-exempt positions with Defendants and they were working under the direction of either Superintendent Stewart or their respective supervisors.

10. Defendants employed Plaintiffs in various job positions and required them to work more than forty (40) hours per week. Defendants failed and refused to compensate Plaintiffs for such work in excess of forty (40) hours at a rate not less than one and one-half (1 ½) times the regular rate at which they were employed and contrary to the provisions of the FLSA, 29 U.S.C. § 207(a).

11. Plaintiffs spent less than ten percent (10%) of their time conducting job duties defined in 29 C.F.R. § 541.1.

12. Plaintiffs did not take part in the process of interviewing and/or selecting new employees. Plaintiffs did not have the authority to hire, fire or implement discipline on the fellow employees.

13. Plaintiffs did not take part in the process of setting or adjusting the job status of fellow employees.

14. Plaintiffs did not take part in the process of setting or adjusting the pay rate of fellow employees.

15. Plaintiffs did not have the authority to exercise control over budgets.

16. Plaintiffs documented pay rate was based on an hourly scale.

17. Plaintiffs were permitted to work in excess of forty (40) hours per week without receiving overtime compensation.

18. Defendants violated the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs wages owed to them under the FLSA and its implementing regulations.

19. Plaintiffs were not paid or credited for all of the hours of work as defined under 29 C.F.R. part 785.

20. Defendants miscalculated the regular rate of pay for Plaintiffs under 29 C.F.R. Part 778.

21. Plaintiffs were not given an absolute right to cash payment for overtime.

22. Plaintiffs were not given proper compensatory time credit for overtime work.

## V.   COUNT ONE

23. Plaintiffs incorporate all previous paragraphs as if fully set out herein and further show unto this Honorable Court the following:

24. Defendants violated the FLSA by failing and refusing to pay Plaintiffs overtime compensation owed to them under the FLSA and its implementing regulations.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court grant judgment in favor of Plaintiffs and order defendants to pay Plaintiffs all compensation owed to them under the Fair Labor Standards Act, costs, attorneys' fees, and any other amount to which Plaintiffs may show themselves to be justly entitled.

## VI.   COUNT TWO

25. Plaintiffs incorporate all previous paragraphs as if fully set out herein and further show unto this Honorable Court the following:

26. Defendants violated the FLSA by willfully and intentionally failing and refusing to pay Plaintiffs overtime compensation owed to them under the FLSA and its implementing regulations.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court grant judgment in favor of Plaintiffs and order defendants to pay Plaintiffs all compensation owed to them under the Fair Labor Standards Act, costs, attorneys' fees, and any other amount to which Plaintiffs may show themselves to be justly entitled.

### VII.   COUNT THREE

27.   Plaintiffs incorporate all previous paragraphs as if fully set out herein and further show unto this Honorable Court the following:

28.   Defendants' action constitutes a violation of Plaintiffs' rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the Court grant judgment in favor of Plaintiffs and order defendants to pay Plaintiffs all compensation owed to them under the Fair Labor Standards Act, costs, attorneys' fees, and any other amount to which Plaintiffs may show themselves to be justly entitled.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that after a hearing hereon, the Court will:

A.   Enter a declaratory judgment that Defendants' willfully and wrongfully violated their statutory obligations and deprived Plaintiffs of their entitlement under the FLSA as alleged herein;

B.   Order Defendants, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time due to Plaintiffs for hours they have worked for the last three (3) years;

C. Enter a judgment under the 29 U.S.C. § 216 of the FLSA against Defendants for all sums found due to Plaintiffs;

D. Award Plaintiffs monetary liquidated damages, plus interest;

E. Award Plaintiffs their costs and expenses, including an award of reasonable attorney's fees, of this actions to be paid by Defendants; and

F. Award such other relief as may be just and proper.

Done this 17th day of December 2003.

Respectfully submitted,

Terry G. Davis, Esq. (DAV040)
Afrika C. Parchman, Esq. (CHI023)

**OF COUNSEL**

DAVIS & HATCHER, L.L.C.
4183 Carmichael Road, Suite B
P.O. Box 230907
Montgomery, AL 36123
(334) 270-0592
(334) 279-0362 – fax