IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTOINETTE ANDERSON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:03cv1237-D |
| | )              WO |
| BULLOCK COUNTY BOARD OF EDUC., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the court is the parties' Amended Motion for Appointment of Special Master ("Amended Motion"). (Doc. No. 27.) The parties move the court for an order pursuant to Rule 53 of the Federal Rules of Civil Procedure for the appointment of William R. Gordon, Retired Circuit Judge for the Fifteenth Judicial Circuit of the State of Alabama, as Special Master to exercise the duties consented to by the parties.[1]

Having carefully reviewed the Amended Motion and the affidavit from Judge Gordon attesting that there is no ground for disqualification under 28 U.S.C. § 455, it is CONSIDERED and ORDERED that said Amended Motion be and the same is hereby GRANTED and that, pursuant to Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure, the Honorable William R. Gordon, Retired Circuit Judge for the Fifteenth

---

[1] Previously, the court entered an order, directing the parties to supplement their original Joint Motion for Appointment of Special Master with discussion of the matters set forth in Rule 53(b)(2) and to submit the Rule 53(b)(3) affidavit from the proposed Special Master. (Doc. Nos. 25-26.) Complying with the court's order, the parties filed the instant Amended Motion.

Judicial Circuit of the State of Alabama, be and he is hereby APPOINTED as Special Master in the above-captioned case.

Based on the consent of the parties, it is further CONSIDERED and ORDERED that the Special Master shall proceed with all reasonable diligence and shall exercise his duties as follows:

1. The Special Master shall have the authority set forth in Fed.R.Civ.P. 53(c) and (d) (*i.e.*, to impose non-contempt sanctions against a party, to recommend contempt sanctions against a party, to recommend sanctions against a non-party, and to compel, take and record evidence). The Special Master, however, shall not possess investigative powers.

2. The Special Master shall not communicate *ex parte* with the court or the parties. See Fed.R.Civ.P. 53(b)(2)(B).

3. The Special Master shall make or recommend evidence-based findings of fact and shall file a complete record of the evidence considered pursuant to Fed.R.Civ.P. 53(b)(2)(C), and materials in the record shall be filed with the Special Master's recommendation to the court.

4. The Special Master shall be permitted 150 days to perform his assigned duties and other relevant procedures pursuant to his appointment.

5. Prior to submitting his findings of fact to the court, the Special Master shall present said findings of fact to counsel for the parties hereto, and if counsel for the parties object to any of the proposed findings of the Special Master, the objecting party may

within fourteen (14) days after receipt of the proposed findings, file with the Special Master, objections to any findings so made.

6. Within ten (10) days after review of any objections to the proposed findings, the Special Master shall file with the court and distribute to the parties all findings of fact made or recommended. Such findings of fact made or recommended by the Special Master shall be reviewed by the court only for clear error pursuant to Fed.R.Civ.P. 53(g)(3). All other options under Fed.R.Civ.P. 53(g) shall remain available to the parties.

7. The parties shall divide equally the Special Master's fees and expenses. The Special Master shall be compensated at the rate of $150.00 per hour.

8. The parties shall diligently attempt to resolve amicably the issue of attorneys fees and costs. If, however, the parties are unable to resolve the issue of attorneys fees and costs, the matter shall be submitted to the court for resolution.

It is further CONSIDERED and ORDERED that, based on the appointment of a Special Master, this cause be and the same is hereby REMOVED from the court's nonjury term of court commencing August 11, 2005, and that the pretrial hearing set on June 29, 2005, is hereby CANCELLED.

DONE this 27th day of June, 2005.

    /s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE