IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTOINETTE ANDERSON, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:03cv1237-D |
| | )        (WO) |
| BULLOCK COUNTY BOARD OF EDUC., | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

As stated in the Joint Stipulation of Dismissal, filed November 18, 2005, although the parties have resolved all claims, they have not been able to agree on the amount of attorneys' fees due Plaintiffs' counsel.  Accordingly, it is CONSIDERED and ORDERED that, pursuant to Rule 53(a)(1)(B)(i), of the Federal Rules of Civil Procedure, the court's appointment of William R. Gordon, Retired Circuit Judge for the Fifteenth Judicial Circuit of the State of Alabama, as Special Master, is hereby EXTENDED for the limited purpose of resolving the issue of attorneys' fees.  (See Order (Doc. No. 28).)

The Special Master shall proceed with all reasonable diligence and shall exercise his duties as follows:

1. The Special Master shall have the authority set forth in Fed.R.Civ.P. 53(c) and (d) (*i.e.*, to impose non-contempt sanctions against a party, to recommend contempt

sanctions against a party, to recommend sanctions against a non-party, and to compel, take and record evidence).  The Special Master, however, shall not possess investigative powers.  The Special Master, in his discretion, may decide whether to hold an evidentiary hearing or whether to decide the matter on representation of the parties and/or on briefs.

    2.  The Special Master shall not communicate *ex parte* with the parties or the court.  See Fed.R.Civ.P. 53(b)(2)(B).

    3.  The Special Master shall recommend findings of fact and conclusions of law and shall file a complete record of the evidence considered pursuant to Fed.R.Civ.P. 53(b)(2)(C), and materials in the record shall be filed with the Special Master's recommendation to the court.

    4.  The parties may file objections to the master's recommendations no later than seven days from the date the Special Master's report is filed with the court.

    5.  The court shall decide *de novo* all objections to findings of fact and conclusions of law recommended by the Special Master.

    6.  The parties shall divide equally the Special Master's fees and expenses and other costs, if any, assessed by the court.  The Special Master shall be compensated at the rate of $150.00 per hour.

    7. The Special Master shall be permitted until December 19, 2005, to perform his assigned duties and other relevant procedures pursuant to his appointment.

8.  Any objection to the extended, limited appointment of the Special Master shall be filed with the court within five days.

DONE this 18th day of November, 2005.

                                       /s/ Ira DeMent
                                       SENIOR UNITED STATES DISTRICT JUDGE